# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DONNA RIGGINS,** | ] |
| **Plaintiff,** | ] |
| v. | ] |
| | ]   CV-10-BE-1238-S |
| **MICHAEL J. ASTRUE,** | ] |
| **Commissioner of Social Security** | ] |
| **Defendant.** | ] |

## MEMORANDUM OPINION

This Social Security matter comes before the court on the "Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment" (doc. 5). The issues raised in this motion are whether Plaintiff's request for judicial review was timely filed, and if not, whether the court should toll the statutory period for filing this action and allow it to proceed. The Commissioner asserts that this action was filed more than sixty days after the law *presumes* Plaintiff, Donna Riggins, received notice of the Appeals Council's denial of review, and thus, is statutorily barred. Riggins asserts that the action was filed within sixty days of *actual* receipt, and thus, was timely. This matter has been fully briefed. For the reasons stated in this Memorandum Opinion, the court finds the motion to dismiss to be MOOT and finds that the alternative motion for summary judgment is due to be GRANTED.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2010, the Appeals Council denied Riggins's request for review of the

Administrative Law Judge's unfavorable decision and on that same date, sent Riggins notice of that action at her post office box address with a copy to her lawyer. The notice advised Riggins what she must do if she disagreed with the decision, stating as follows:

> **If You Disagree With Our Action**
>
> If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action.
>
> If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules.
>
> \* \* \*
>
> **Time to File a Civil Action**
>
> - You have 60 days to file a civil action (ask for court review).
>
> - The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> - If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

The date the law presumes Riggins received the notice is March 10, 2010.

In March of 2010, Riggins was ill intermittently, suffering from non-sustained ventricular tachycardia; pneumonia; moderately severe chronic anemia, iron deficiency, anxiety disorder with panic attacks, depression, and fatigue. She was hospitalized from March 20, 2010 to March 29, 2010, and did not check her post office box until one or two days after her discharge, when she first read the notice from the Appeals Council.

Sunday, May 9, 2010 was 65 days from the date of the Appeals Council's notice and 60 days after the date of presumptive receipt. Riggins did not file a civil action by that date or the first business day after and did not request an extension of time from the Appeals Council. Riggins filed the current action on Wednesday, May 12, 2010.

The Commissioner's motion requests the court to dismiss the action as untimely, and alternatively requests the court to grant summary judgment in its favor. It attaches the declaration of Earnest Baskerville stating, among other things, that the notice of the Appeals Council's action was mailed to Riggins on May 5, 2010 and that no record existed as of the date of the declaration that Riggins had requested an extension of time to file a civil action.

Plaintiff's response to the motion included Riggins's affidavit, testifying that she was sick intermittently in March of 2010, that she was hospitalized from March 20 to March 29, 2010, and that she "received" the written notice from the Appeals Council when she checked her post office box one or two days after her discharge.

## II.  STANDARD OF REVIEW

When a motion to dismiss presents matters outside the pleadings and the district court does not exclude them, the court must treat the motion as one for summary judgment under Rule 56, and must give all parties a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12. The instant motion does indeed present matters outside the pleadings, and is styled, alternatively, as a motion for summary judgment. In responding to this motion, Riggins recognized the nature of the motion and, in turn, attached an affidavit, presenting evidence of her own. Therefore, the court treats this motion as one for summary judgment and finds not only that all parties had a reasonable *opportunity* to present matters

outside the pleadings but that they did indeed do so.

Summary judgment is an integral part of the Federal Rules of Civil Procedure. Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a *genuine issue for trial*.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added); *see also* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e), 28 U.S.C. app. ("The very mission of summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."). The moving party need not present evidence in a form admissible at trial; "however, he may not merely rest on [the] pleadings." *Celotex*, 477 U.S. at 324. If the

evidence is "merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50 (citations omitted).

In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). The court must refrain from weighing the evidence and making credibility determinations, because these decisions fall to the province of the jury. *See Anderson*, 477 U.S. at 255; *Stewart v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Furthermore, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Graham*, 193 F.3d at 1282. The non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Id.* The evidence of the non-moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

### III.  DISCUSSION

To resolve this motion to dismiss, the court must determine whether Riggins's filing of the current lawsuit was timely, either because it was filed within the sixty day period stated in the Social Security Act or because equitable tolling extends the period for filing under the circumstance of this case.

The court must first decide whether it was filed within the sixty day period. The government argues that the filing did not fall within that period because the sixty days began running five days after the March 5, 2010 notice. Riggins argues that the filing does fall within that period because the sixty days began running on the date she checked her post office box and actually read the notice.

The Social Security Act provides that a plaintiff "may obtain a review [of the Commissioner's final decision] by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). In implementing this provision, the Commissioner promulgated the following Social Security Administration Regulation:

> (a) *General.* A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner.
> * * *
> (c) *Time for instituting civil action.* Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by an individual, institution or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's [administrative law judge's] decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

Social Security Administrative Regulation No. 22, Part 422, Subpart C (20 CFR 422.210). Thus, although 405(g) uses the word "mailing" to begin the 60-day period, the regulations explain that the 60-day period begins upon receipt, which is presumed to be five days after the

6

date of the denial notice.    Section 405(g)'s sixty day period is not jurisdictional but rather, is in the nature of a statute of limitations.  *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).

In the instant case, the Commissioner presented evidence that on March 5, 2010, the government mailed to Riggins's attorney and to Riggins at her post office box address the notice of the Appeals Council's decision.  The law presumes that Riggins received that notice on March 10, 2010 "unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.910(c).  Riggins attempts to rebut that presumption with her affidavit stating that she received the notice on March 30 or 31, 2010, when she checked her post office box after illness and a hospitalization.  The court must determine whether this affidavit represents a "reasonable showing."

The parties point the court to no Eleventh Circuit Court of Appeals case addressing an analogous attempt to rebut of the presumptive five-day notice, and this court is aware of none.  However, the Fifth Circuit Court of Appeals, whose rulings prior to September of 1991 are binding on this court[1], has concluded that a plaintiff's bald denial of timely receipt, unsupported by extrinsic evidence, is insufficient to constitute a reasonable showing.  In *McCall v. Bowen*, the Fifth Circuit affirmed the dismissal of plaintiff's lawsuit despite plaintiff's argument that her affidavit – which merely asserted, without more concrete support, the late delivery of the Social Security Administration Appeal Court's notice – represented sufficient rebuttal of the presumption of receipt.  Noting that the government's affidavit showed, with supporting concrete evidence, that the letter was properly addressed, stamped, and sent by a certain date, the court refused to allow plaintiff's bare statements in her affidavit to extend the 60-day period.  832 F.2d

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

862, 864 (5th Cir. 1987); *see also* *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (quoting *McCall* and finding that plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption").

In any event, Riggins has not presented any evidence to this court that the notice did not arrive at her post office box by March 10, 2010. Indeed, for her suit to be timely, the court would have to deem the notice to have been received *after* March 12, 2010, March 12 being 61 days prior to the date she filed this civil suit; however, Riggins has not presented evidence that the notice failed to arrive at her post office box before March 13, 2010. She has not presented evidence that she checked the post office box during the week after the notice was sent (March 5, 2010 through March 12, 2010) and thus, has not presented evidence that the notice must have arrived at the box within 60 days of filing this lawsuit. Rather, her evidence only states that she did not check her post office box until March 30 or 31, 2010 and picked up the mailed notice for the first time on that date.

Riggins provides no Eleventh Circuit decisions supporting an argument that this court should apply an "actual receipt rule" and start the 60-days running on the date she actually read the notice regardless of the presumptive receipt date and evidence that she may have lacked diligence in checking her mail. The court notes that the Eleventh Circuit has refused to apply an "actual receipt rule" in analogous contexts such as the 90-day period to file suit in Title VII cases, which begins to run after the receipt of EEOC right to sue letter. *See Law v. Hercules, Inc.,* 713 F.2d 691, 693 (11th Cir. 1982) (stating that "[t]o allow additional time [past the date the plaintiff's son signed for the letter at the post office and placed it on the kitchen table] would be to foster a manipulable open-ended time extension which could render the statutory limitation

meaningless"); *Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086, 1087 (11th Cir. 1982) (90-day period began to run when the letter arrived at plaintiff's address and plaintiff's wife received it, even though plaintiff was out of town and did not learn of its arrival until eight days later); *see also Henderson v. NCO Fin. Sys.*, ____ F. Supp. 2d ____, 2010 WL 1382737, at *6 (S. D.Ala. March 12, 2010) (rejecting plaintiff's argument that the date he "received" the EEOC letter should be the date "he finally bothered to make the trip over to his mother's house" instead of the day the letter was delivered to the address he supplied the EEOC). *But see Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 525 (11th Cir. 1991) (presumption of receipt did not apply where EEOC letter was delivered to the address plaintiff supplied and adult nephew signed for it, where nephew failed to give letter to plaintiff and *plaintiff diligently checked mail for the letter*); *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982) (limitation period did not begin to run at delivery *where EEOC letter was sent to the incorrect address through no fault of plaintiff*).  In the Title VII cases, the Eleventh Circuit reasoned that applying an actual receipt rule would  "facilitate [a] manipulable open-ended time extension which could render the statutory limitation meaningless.'" *See, e.g., Law*, 713 F.2d at 693 (quoting *Lewis* v. *Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir. 1982)).

That reasoning would similarly support this court's refusal to apply an "actual receipt rule" to the 60-day period in Section 405(g), and this court will not adopt such a rule.  Riggins gave the Social Security Administration her post office box address as the appropriate address at which to contact her, and she had some obligation to diligently check that box herself, or if she was unable to do so personally, to ask someone else to do so for her.  Given her health problems, if her tardy reading of the notice at the end of March did not give her enough time to prepare the

filing of a civil suit, she should have requested additional time from the Appeals Council.[2] She failed to do so, and she also failed to file this suit within the 60-day period. For all of these reasons, the court finds that Riggins has not provided a "reasonable showing" to counter the presumption that she received the notice by March 10, 2010. Further, the court finds that she filed the lawsuit outside the 60-day statute of limitations[3].

The second issue is whether the court should toll the statute despite her untimely filing. The Eleventh Circuit has held that "'a finding of extraordinary circumstances' is necessary before a court may equitably toll the SSA's statutory period, and this determination 'is reserved for extraordinary facts.'" *Jackson v. Astrue*, 506 F.3d 1349, 1353-54 (11th Cir. 2007) (quoting *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005)). The doctrine of equitable tolling "is to be applied sparingly." *Jackson*, 506 F.3d at 154 (quoting *Nat'l R.R. Passenger*

---

[2] The Commissioner may extend the statute of limitations upon a showing of good cause. The Social Security Regulation governing determination of "good cause" states as follows: "In determining whether you have shown that you have good cause for missing a deadline to request review we consider - (1) What circumstances kept you from making the request on time; (2) Whether our action misled you; (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review." 20 C.F.R. § 416.1411(a). However, if the plaintiff fails to ask the Commissioner for an extension and, instead, asks the district court to extend the date, the court would follow a more stringent standard, applying the doctrine of equitable tolling. *See* discussion pages 11-12, *infra*.

[3] The court notes that the record also reflects that the government sent notice of the Appeals Council decision to Riggins's attorney. However, the relevant statutory and regulatory provisions are phrased in terms of "the individual" and "the claimant" instead of his representative. 42 U.S.C. § 405(g). The court does not make a determination whether receipt by the attorney or representative starts the sixty days; because the court finds that Riggins has not made a reasonable showing rebutting the presumption that the notice arrived at her post office box on or before March 10, 2010, it need not address the effect of mailing to her attorney.

*Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

Some examples of extraordinary circumstances sufficient to constitute equitable tolling of statutes of limitations are the cover-up of the events making discovery of the wrongs nearly impossible for plaintiffs to discover (*Cabello*, 402 F.3d at 1155 - suit brought under both the Alien Tort Claims Act and the Torture Victim Protection Act); and fraud and concealment of fraud making discovery of fraud nearly impossible for bankrupt trustee to obtain sufficient information to file a complaint (*In re Int'l Admin. Servs. Inc.*, 408 F.3d 689, 700-01 (11th Cir. 2005) - suit brought under 11 U.S.C. § 546(a)(1)).  The Eleventh Circuit has found that the following circumstances are not "extraordinary" and do not justify equitable tolling: plaintiff's lawyer sending the filing by ordinary mail less than a week before it was due (*Sandvik v. United States*, 117 F.3d 1269, 1271 (11th Cir. 1999 - brought under AEDPA)); and *pro se* plaintiff's having limited linguistic and legal experience that prevented her from understanding that she must file her claim in federal district court as opposed to state court (*Jackson v. Astrue*, 506 F.3d at 1356-57).  After reviewing the cases where it had previously addressed equitable tolling, the Eleventh Circuit explained that extraordinary circumstances were circumstances "such as fraud, misinformation, or deliberate concealment." *Jackson*, 506 F.3d at 1355 (emphasis in original) (addressing equitable tolling in the Social Security context, applying 42 U.S.C. § 405(g)).

Applying that guidance from the Eleventh Circuit, the court finds that no such extraordinary circumstances exist in the instant case.  Riggins's circumstances are her off-and-on illness during the month of March, including a hospitalization a week or so *after* the mail presumably arrived in her post office box, and perhaps her attorney's failure to advise her when he received notice.  However, the circumstances do not include fraud, misinformation, deliberate

concealment, and Riggins has not shown that she acted diligently by checking – or asking others to check – her post office box.  Therefore, equitable tolling does not apply to extend the time for filing suit.  Because Riggins's suit was filed outside the statutory period and because equitable tolling does not apply, summary judgment is due to be granted in the government's favor.

    Dated this 16th day of December, 2010.

                                                _____
                                                KARON OWEN BOWDRE
                                                UNITED STATES DISTRICT JUDGE